UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D-Q UNIVERSITY. BOARD OF TRUSTEES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL A. WILLIAMS, et al.,<br><br>Defendants. | No.  2:21–cv–553–MCE–KJN PS<br><br>ORDER<br><br>(ECF Nos. 12, 13, 14.) |

In this case, plaintiffs D-Q University Board of Trustees and D-Q U. California ("DQ") seek a declaration concerning the status of a parcel of land located in Yolo County, California. (See ECF No. 1.)  DQ also contends the twelve defendants are trespassing, and requests the court eject them from the land.  (See Id.)  The case was filed on March 25, 2021; DQ was ordered to serve process within 90 days; and defendants were to respond within 21 days of being served. (ECF Nos. 2, 3.)  In April, DQ's counsel emailed defendants Michael Williams and Sky Road Webb notifying them of the case.  On May 11, 2021, Williams and Webb filed a "special appearance," without the aid of counsel, contesting DQ's service of process via email.  (See ECF Nos. 4, 5, 6.)  On June 1, DQ's process server handed a summons, complaint, and related documents to "Doe Defendant 1, Cesar Cabalero" at 33250 Country Road 31 in Davis, California. (ECF No. 7.)  The process server also left the same sets of documents with Mr. Cabalero for defendants Williams, Webb, and Robert Chavez, all of whom also reside at this address.  (Id.)

1

Cabalero, Williams, Webb, and Chavez did not appear or otherwise answer the complaint within 21 days of June 1, and so DQ requested the Clerk of the Court enter default against them pursuant to Rule[1] 55(a).  (ECF No. 8.)  On August 18, the clerk declined to enter default against Cabalero, as he was not a named party, but did so enter against Williams, Webb, and Chavez.  (ECF Nos. 10, 11.)  Notice of the entries of default were mailed to Williams and Webb at the address denoted in their April "special appearance."  (Id.)

The following day, Williams, Webb, and Chavez moved to set aside the defaults, each arguing they were never served the June 1 documents.  (ECF Nos. 12, 13, 14.)  Williams, Webb, and Chavez each contend they were never personally served, nor has Cabalero ever delivered the documents to them.  (See Id.)  Each states that while their mailing address is the same as Cabalero's, they live in a dormitory on the campus, while Cabalero lives in a trailer parked near the entrance.  (See Id.)  Additionally, defendant Chavez indicates a restraining order is in effect between he and Cabalero.  (ECF No. 12-2.)  Thus, Williams, Webb, and Chavez contend they have engaged in no culpable conduct.  (ECF Nos. 12, 13, 14.)  Further, the three contend they have meritorious defenses to the suit, including that the court lacks subject matter jurisdiction, that there is a pending appeal in the Superior Court case, and that trespass is a pure state-law issue.  (See Id.)  Finally, they generally contend setting aside the default will not prejudice DQ.  (See Id.)  Their motions were set for an October 7 hearing before the undersigned; each defendant has, thus far, proceeded without an attorney.

DQ filed opposition to the set-aside motions.  (ECF No. 22.)  DQ argues the April email service was proper notice, as the parties had previously communicated this way in Superior Court.  DQ also argues the June 1 service was proper, given Cabalero, Williams, Webb, and Chavez share the same address.  (Id.)  Further, DQ argues (1) defendants' conduct was culpable because they had notice of the case but failed to timely respond, (2) their asserted defenses have no legal or evidentiary support, and (3) DQ would be prejudiced if required to defend three more lawsuits on the merits.  (See Id.)

---

[1] Citation to the "Rule(s)" are to the Federal Rule of Civil Procedure unless otherwise noted.

**Legal Standard**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Rule 55(a). Obtaining a default judgment is a "two-step process," consisting of: (1) seeking an entry of default, and (2) filing a motion for the entry of default judgment. See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986); accord Symantec Corp. v. Global Impact, Inc., 559 F.3d 922, 923 (9th Cir. 2009).

A court may set aside an entry of default for good cause. Rule 55(c). The party seeking relief from the entry of default bears the burden of showing good cause to set aside the entry of default. See Franchise Holding II, LLC v. Huntington Rests. Group, Inc., 375 F.3d 922, 926 (9th Cir. 2004). A court considers three factors when examining good cause: "(1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting Franchise Holding II, LLC, 375 F.3d at 925-26).

Under this disjunctive standard, "a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." Brandt v. Am. Bankers Ins. Co., 653 F.3d 1108, 1111 (9th Cir. 2011). However, a court may in its discretion deny relief from default even after finding one of the "good cause" factors to be true. See, e.g., id. at 1112 ("A district court may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability, *but need not.*") (emphasis added). "The court's discretion is especially broad where . . . it is entry of default that is being set aside, rather than a default judgment." O'Connor v. State of Nev., 27 F.3d 357, 364 (9th Cir. 1994); see also Mesle, 615 F.3d at 1091 n.1 (noting the factors are more liberally applied to setting aside an entry of default because "there is no interest in the finality of the judgment with which to contend").

Additionally, the Ninth Circuit has emphasized that resolution of a motion to set aside the entry of default should be informed by the well-established policies favoring resolution of cases on their merits. See Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1189 (9th Cir. 2009)

("As a general rule, default judgments are disfavored; cases should be decided upon their merits whenever reasonably possible"). Moreover, the Ninth Circuit's "rules for determining when a default should be set aside are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation." Mesle, 615 F.3d at 1089.

**Analysis**

The court has examined the good cause factors, and finds they favor setting aside the entry of default against Williams, Webb, and Chavez. First, while DQ vigorously disputes the merits of the defenses Williams, Webb, and Chavez intend to raise, the court finds these issues better suited to a resolution after targeted briefing on the merits. This analysis falls in line with the Ninth Circuit's policy of favoring judgments on the merits—especially with unrepresented litigants. Westchester Fire, 585 F.3d at 1189; Mesle, 615 F.3d at 1089.

More importantly, DQ will suffer little-to-no prejudice from setting aside the defaults. DQ's claims against Williams, Webb, and Chavez revolve around the status of the land, and whether these three have a right to be there. However, DQ asserts these same claims against nine other named defendants—three of whom (Cardoza, Manriquez, and Fernandez) have moved to dismiss on theories similar to those Williams, Webb, and Chavez wish to raise. (Cf, e.g. ECF Nos. 12, 13, and 14; with ECF Nos. 16, 17, and 18.) Given this fact, as well as the court's order below consolidating these motions into a single hearing, it is likely DQ will be able to oppose all motions to dismiss without much additional effort. The court is also cognizant of the risk of inconsistent judgments, should DQ ultimately obtain a default judgment against Williams, Webb, and Chavez but lose in its arguments against Cardoza, Manriquez, and Fernandez. See, e.g., Societe D'Equipments Internationaux Nigeria, Ltd. v. Dolarian Cap., Inc., 2017 WL 4046368, at *3 (E.D. Cal. Sept. 13, 2017) (setting aside entry of default on the prejudice prong where defenses of defendants overlapped significantly, where the scope of the litigation would not be substantially altered, and where the risk of inconsistent judgments existed).

The court agrees with DQ in one aspect, however, regarding the conduct of Williams, Webb, and Chavez. It appears that plaintiffs were made aware of this case many months before the entry of default. As this action began in the Superior Court sometime in 2019, it appears the

4

1   parties had been communicating via email, and both Webb and Williams appear to have become
2   constructively aware of the case in April 2019.  Mesle, 615 F.3d at 1092-93 ("[D]efendant's
3   conduct is culpable if he has received actual or constructive notice of the filing of the action and
4   intentionally failed to answer.").  Further, regarding the alleged failure of Cabalero to deliver the
5   documents to Williams, Webb, and Chavez after the process server delivered the papers to
6   defendants' address, the Ninth Circuit has long held that Rule 4 does not require "a showing that
7   the papers were delivered to the defendant by the person with whom they were left."  Smith v.
8   Kincaid, 249 F.2d 243, 245 (9th Cir. 1957).  The court also notes the relative expediency with
9   which these defendants requested the default to be set aside, having filed their motions to set
10  aside less than 24 hours after the clerk entered default.  (See ECF Nos. 10-12.)  As the Ninth
11  Circuit has noted, bad faith may include actions evincing "an intention to take advantage of the
12  opposing party, interfere with judicial decision-making, or otherwise manipulate the legal
13  process."  Mesle, 615 F.3d at 1092-93.  Any intentional delay on defendants' part—especially
14  given DQ sought-after remedy of ejection—is not a good look for defendants.

15       However, the court is cognizant of these defendants' pro se status, and considers their
16  actions in this light.  Mesle, 615 F.3d at 1089.  The court notes Williams and Webb filed "special
17  appearances" in May contesting service of process, after DQ's counsel purported to serve process
18  by email (despite this being a new case in a different forum).  (See ECF Nos. 4, 5.)  The fact
19  Williams and Webb failed to notice these motions is a mistake common to unrepresented parties.
20  Further, the court takes note of the declarations of Williams, Webb, and Chavez regarding their
21  poor relationship with Cabalero—especially the fact that Chavez and Cabalero appear to be
22  legally prohibited from making contact.  (See ECF No. 12-2.)  Thus, the court's analysis on the
23  culpability prong could go either way, and would require further scrutiny of the actions taken by
24  Williams, Webb, Chavez, and Cabalero.  Simply, the court's energy is better spent resolving the
25  issues on the merits, especially in light of the lack of prejudice, other pending motions to dismiss,
26  and policy favoring judgments on the merits.  Brandt, 653 F.3d at 1111 (noting that under the
27  disjunctive standard for set-aside motions, "a finding that any one of these factors is true is
28  sufficient reason for the district court to refuse to set aside the default").

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Pursuant to Local Rule 230(g), the court VACATES the October 7, 2021 hearing and resolves the set-aside motions on the written briefing;

2. The motions from defendants Williams, Webb, and Chavez (ECF Nos. 12, 13, and 14) are GRANTED, and the Clerk's entry of default against these defendants (ECF No. 10) is SET ASIDE;

3. Defendants Williams, Webb, and Chavez shall file their motions to dismiss plaintiffs' complaint by October 19, 2021. These motions shall be set for a hearing on November 18, 2021, at 10:00 a.m., before the undersigned. Failure to file the motion by this deadline may constitute grounds for the imposition of appropriate sanctions, including case-dispositive sanctions;

4. On the court's own initiative, the hearings on the motions to dismiss from defendant Cardoza (ECF No. 16) and defendant Manriquez (ECF No. 17) are RESCHEDULED for November 18, 2021, at 10:00 a.m.;

5. Given the significant overlap of issues in the three pending motions to dismiss, plaintiffs' shall file a combined opposition to all motions to dismiss (from defendants Cardoza, Manriquez, Fernandez, Williams, Webb, and Chavez). Additionally, plaintiffs shall inform the court of two other matters: (i) the current status of the pending appeal in the state-court action, and (ii) the status of plaintiffs' service attempts on the remaining unserved defendants. This filing is due by November 4, 2021; and

6. Any reply to plaintiffs' opposition, from any defendant, is due by November 11, 2021.

Dated: September 28, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

DQ.553