UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D-Q UNIVERSITY. BOARD OF TRUSTEES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL A. WILLIAMS, et al.,<br><br>Defendants. | No.  2:21–cv–553–MCE–KJN PS<br><br>ORDER TO SHOW CAUSE<br><br>(ECF No. 29.) |

In this case, plaintiffs D-Q University Board of Trustees and D-Q U. California ("DQ") seek a declaration concerning the status of a parcel of land located in Yolo County, California. (See ECF No. 1.)  DQ also contends the twelve defendants are trespassing, and requests the court eject them from the land.  (See Id.)  After the court entered an order setting aside a number of defaults, defendants were ordered to answer or otherwise respond to the pleadings, instructing that any motions to dismiss should be filed in time to join pending motions to dismiss in mid-November.  (ECF No. 23)  Plaintiff was ordered to file opposition to any motions to dismiss as per Local Rule 230, as well as to "inform the court of the current status of the pending appeal in the state-court action, and the status of plaintiffs' service attempts on the remaining unserved defendants."  (Id.)  Defendants did so move to dismiss by the deadline, causing a total of six motions to be set for a November 16, 2021 hearing before the undersigned.  (See ECF Nos. 16, 17, 18, 24, 25, 26, 28.)

1

On November 1, plaintiffs filed a "first amended status report" with the court concerning the pending state-court appeal and service on unserved defendants. (ECF No. 29.) Therein, plaintiffs represented that the pending appeal in the related state-court action had been resolved, and that the action was to be reinstated in the state trial court. (Id.)

Given the disposition of the appeal in the state-court action, plaintiffs are ordered to show cause why this federal case should not be dismissed without prejudice, or otherwise be stayed, given the identical nature of the two actions. See Colorado River Water Conservation District v. United States, 424 U.S. 800, 817 (1976) ("[I]in situations involving the contemporaneous exercise of concurrent jurisdictions . . ., [there are] principles [that] rest on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."); see also Travelers Indem. Co. v. Madonna, 914 F.2d 1364, 1368 (9th Cir. 1990) (noting that when related cases are pending in state and federal courts, a court considering Colorado River should examine whether either court has assumed jurisdiction; the relative convenience of the forums; the desirability of avoiding piecemeal litigation; the order in which the forums obtained jurisdiction; whether state or federal law controls; whether the state proceeding is adequate to protect the parties' rights; and the prevention of forum shopping). As the hearing on multiple motions to dismiss is fast approaching, plaintiffs shall file a response to this order by the close of business on November 5, 2021. Plaintiffs may also file a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that plaintiffs shall show cause, by November 5, 2021, why this action should not be dismissed without prejudice or otherwise stayed pending resolution of the state court action.

Dated: November 2, 2021

DQ.553

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE